## McENTIE v. SANDFORD.

1. Under the act for the suppression of vice and immorality there is no distinction between a proceeding taken on the view of a magistrate and one founded in the usual course on a complaint, with respect to the time limited for a prosecution.
2. The only difference between the procedures consists in the modes of proof.

This was an action for an assault upon and imprisonment of the person of the defendant by the plaintiff. The defendant, being a justice of the peace, on the 19th day of March, 1878, saw the plaintiff in a state of intoxication in the public street, and on the 5th day of the following April issued a warrant against him for that offence, and caused the plaintiff to be brought before him, and thus being present convicted him on his own view and without further testimony, of such offence, and fined him $1 therefor, which fine not being paid, he was committed by the justice to the county jail for the term of four days, according to the seventh section of the act relating to vice and immorality. This was the arrest and imprisonment of which the plaintiff complained.

At the Circuit the trial judge charged against the defendant, on the ground that as the conviction was on view, the proceeding was summary and the justice was bound to act immediately, and that on that account he had no jurisdiction, and was without defence.

A verdict was rendered for the plaintiff.

This was a motion for a new trial.

Argued at February Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL and DIXON.

For the plaintiff, *Charles Woodruff*.

For the defendant, *Charles D. Thompson*.

McEntie v. Sandford.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   This was a suit arising out of an alleged assault and battery and false imprisonment, and the defence set up was that the defendant being a justice of the peace, caused the plaintiff to be arrested for intoxication, and convicted and fined him on his own view, and such fine not being paid, the plaintiff was committed and imprisoned.   It being shown at the trial that several days had elapsed between the offence and the proceeding by the justice, the judge who presided was of opinion that such proceeding was *coram non judice,* and accordingly directed the jury to find for the plaintiff.   The sole question is as to the correctness of that ruling.

The conviction in question was by virtue of the seventh section of the act for the suppression of vice and immorality, the pertinent clause being in these words, viz. : "If any person shall become intoxicated or drunk by the excessive use of spirituous, vinous or other strong liquor, and thereof shall be convicted before any justice of the peace for the county wherein such offence shall be committed, either upon the view of such justice or upon the confession of the party offending, or testimony of any one or more witness or witnesses, every person so offending shall pay for every such offence one dollar."   There is appended a provision that unless such fine be paid or security given for its payment, the party offending shall stand committed for a space of time not exceeding four days.   In the twenty-third section it is declared that no person shall be prosecuted or troubled for any offence against this act, unless the same shall be proved or prosecuted within thirty days after the commission of the offence.

From this citation it is evident that the statute does not indicate that with respect to the time limited for a prosecution, there is any distinction between a proceeding taken on the view of the magistrate, and one founded in the ordinary course on a complaint.   All the difference between the procedures appears to consist in the modes of proof.   Nor is any reason suggested why there should be any other difference.   There seems to be in the nature of the transaction no more necessity for ex-

pedition in prosecuting when the testimony consists of the ocular evidence of the justice, than when it is composed of the observation of ordinary witnesses. Certainly it would seem indispensable on ordinary grounds of justice, to afford the person inculpated a hearing. The magistrate could not convict without having the offender before him. Process, therefore, must be issued, and unless the statutory limitation be applicable, it would be difficult to find in the nature of the proceeding, any time limited within which such process must issue. If it be held, as was said at the trial, that the magistrate must proceed forthwith when he has sight of the offence, the difficulty is that the term "forthwith" has in that connection no definite signification. Would it mean the day of the occurrence, or would it embrace as well the next day, or what measure of time? The provisions of the statute very clearly indicate that an immediate procedure is not contemplated, for it gives to the delinquent an option to pay the fine, give security, or go to prison; an option that it could not have been intended should be exercised until the culprit had been restored to a state of sobriety. That the culprit is to have a hearing of some kind in this class of cases is strongly to be inferred from the exception in the twelfth clause of the act, declaring that in those instances in which a justice is authorized to convict on his own view, such instances shall not come within the scope of the body of the clause giving a right to a trial by jury. Where was the necessity of such exception if this class of persons were entitled to nothing like a formal hearing?

I am not aware that the rule adopted by the trial judge has ever received the sanction of an adjudication, or, indeed, that there is any judicial *dictum* favoring that view. I think the course of procedure when a magistrate designs to convict on his own view, should be assimilated as near as practicable to that which obtains in ordinary cases arising under this act. The alleged wrong-doer should be brought before the justice and informed of the offence with which he is charged, and should be heard if he has any explanation to offer; he cannot, it is true, by reason of an exceptive clause in the act itself,

have a trial by jury, but such a privilege is not one of the essentials, in a legal point of view, of the proceeding. Such a prosecution, as in other cases, must be begun within thirty days after the commission of the offence.

Let the rule be made absolute.